```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DANIEL ALAN GRAHAM,

              Plaintiff,

vs.                            Case No. 2:08-cv-615-FtM-29SPC

LEE COUNTY SHERIFF'S DEPARTMENT,

              Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Lee County Sheriff's Office's Motion to Dismiss (Doc. #19) filed on January 29, 2009. Plaintiff filed an Objection (Doc. #20) on February 12, 2009.

**I.**

Construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Complaint (Doc. #1) appears to assert claims under 42 U.S.C. § 1983 for the use of excessive force by a police officer during two incidents: the first in which Lee County Deputy Leon Wilkerson West "unlawfully used force which caused physical and emotional harm" necessitating "emergency care [for the] wounds inflicted," and the second in which Deputy West "assaulted [plaintiff with] a taser . . . [while plaintiff was] in a clearly non-combative body posture" for approximately twenty seconds, causing plaintiff to be taken to the

emergency room before being taken into custody (see Doc. #1, pp. 1-2).

The Lee County Sheriff's Office, the only named defendant, argues that it should be dismissed because the Lee County Sheriff's Office "is not a 'person' 'acting under color of State law' for the purposes of 42 U.S.C. Section 1983." (Doc. #19, p. 1.) In his Objection (Doc. #20), plaintiff seeks leave to amend the Complaint if necessary to name the proper parties.

"[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Williams v. Miami-Dade Police Dep't, No. 08-10800, 2008 WL 4726101, at *3 (11th Cir. Oct. 29, 2008) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted)). Under Florida law, police departments are not legal entities amenable to suit. See, e.g., Williams, 2008 WL 4726101, at *3 (citing Masson v. Miami-Dade County, 738 So. 2d 431, 432 (Fla. 3d DCA 1999)); Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Thus, as defendant Lee County Sheriff's Office does not have the capacity to be sued under Florida law,[1] its motion to dismiss shall be granted and it shall be dismissed from the case. Plaintiff's claim for punitive damages is therefore moot.

---

[1] The Court notes that the Lee County Sheriff may, however, be sued in his individual and/or official capacities, and individual deputies may be sued in their official and/or individual capacities.

**II.**

Pursuant to FED. R. CIV. P. 15(a)(2), a party may amend its pleading with leave from the court, such leave to be freely given when justice so requires. The Court will give plaintiff the opportunity to amend his Complaint to name the proper defendant or defendants and to more clearly state his claim or claims.

As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a *pro se* party. In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be titled, "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated; however, it is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes. Further, in the body of the Amended Complaint, plaintiff should clearly describe how each named defendant is involved in the alleged claim. Plaintiff must provide support in the statement of facts showing that each of the claimed violations is plausible. More than conclusory and vague allegations are required to state a cause of action.

Accordingly, it is now

**ORDERED:**

1. Defendant Lee County Sheriff's Office's Motion to Dismiss (Doc. #19) is **GRANTED** and the Complaint is **dismissed with prejudice** as to the Lee County Sheriff's Department.

2. Plaintiff is granted leave to file a "Amended Complaint" within **TWENTY (20) DAYS** of the date of this Opinion and Order and in compliance with the Court's directions. Failure to file such an Amended Complaint will result in the case being closed without further notice to plaintiff.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Plaintiff